Dear Representative Bruneau:
You have requested an opinion of the office pertaining to whether the Lakeview Civic Improvement Association's directors, officers, trustee and volunteer workers would be afforded the limitation of liability as provided for in LSA-R.S. 9:2792.3.
LSA-R.S. 9:2792.3 states the following:
 A person who serves as a director, officer, trustee or volunteer worker for any nonprofit organization, whether incorporated or unincorporated or not, which sponsors a fair or festival, or any nonprofit historical organization, whether incorporated or not, which is organized for civic or historical purposes whether he serves with or without compensation for such services shall not be individually liable for any act or omission resulting in damage or in jury arising out of the exercise of his judgment in the formation and implementation of policy, or arising out of the management of affairs, while acting as a director, officer, trustee or volunteer worker of that organization, provided he was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by his willful or wanton misconduct.
You state that the Lakeview Civic Improvement Association is an organization whose members are devoted to questions involving local zoning matters, neighborhood beautification, crime watch programs, etc. You indicate that the bylaws of the association state that the purpose of the association is
 . . . to serve as a means for the Lakeview residents to work together in creating a safe, pleasant, and civic minded neighborhood by drawing on the interests and talents of the membership to solve problems and improve the quality of life in Lakeview.
Additionally, the Charter of the Lakeview Civic Improvement Association as provided to me by the Secretary of State's Office states the following as the purpose of the corporation:
 The object and purpose of this association, visa incorporated, shall be to promote and encourage the civic advancement and welfare, as well as the prosperity and progress of the suburb of the City of New Orleans, La., known as "Lakeview".
For a director, officer, trustee or volunteer worker of an organization to be provided with the limitation of liability as set forth in LSA-R.S. 9:2792.3 the organization must be nonprofit and it must either sponsor a fair or festival or any nonprofit organization which is organized for civic or historical purposes. The statute states that the limitation of liability applys [applies] whether the organization is incorporated or not. Additionally, it applies whether the director, officer, trustee, or volunteer worker receives compensation or not provided he or she is acting in good faith and within the scope of his official functions and duties.
From the information that has been provided to this office, it appears that the Lakeview Civic Improvement Association is a non-profit organization in the State of Louisiana which was organized for the civic purpose of improving the quality of life of the residents of Lakeview and solving any problems that occur in that area.
Therefore, the directors, officers, trustees and volunteer workers of the Lakeview Civic Improvement Association would be afforded the limitation of liability as provided for in LSA-R.S.9:2792.3.
See Attorney General Opinion Number 93-92 wherein an officer or board member of a parish voluntary Council on Aging as well as a director, officer, trustee or volunteer worker for any nonprofit organization with the Governor's Office of Elderly Affairs whether incorporated or unincorporated and whether they serve with or without compensation was determined to be afforded the limitation of liability as provided for in LSA-R.S. 9:2792.3.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney General
RPI/BCL/shc/opini36